IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| RIGOBERTO G. VILLANUEVA, on behalf of himself and others similarly situated, 829 Moffett Forge Rd. Herndon, Virginia 20170, <br><br> Plaintiffs, <br><br> vs. <br><br> RUNOUT, INC. d/b/a First Break CAFE 46970 Community Plaza, Ste. 200 Sterling, VA 20164 <br><br> and <br><br> ANTHONY P. LUONG 9617 Lincolnwood Dr. Burke, Virginia 22015-3013 <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> Civil Case No.: 1:15-cv-1395 (CMH/TCB) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Rigoberto G. Villanueva, by and through his undersigned counsel, and on behalf of himself and others similarly situated ("Putative Plaintiffs"), hereby brings this suit against Defendants Runout, Inc. d/b/a First Break Café ("First Break"), and Anthony P. Luong (collectively, "Defendants"), and for grounds states:

### Parties and Jurisdiction

1. Plaintiff Rigoberto G. Villanueva is an adult resident of Fairfax County, Virginia.

2. Defendant First Break is a corporation formed under the laws of the Commonwealth of Virginia with its principal place of business in Virginia. Its principal business is the operation of

a bar, restaurant and billiard parlor known as "First Break Café" located at 46970 Community Plaza, Ste. 200, Sterling, Virginia 20164.

3. Defendant Anthony P. Luong is an adult resident of Fairfax County, Virginia.

4. Plaintiff's and the Putative Plaintiffs' claims are made under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), for failure to pay minimum wage and overtime pay.

5. The Plaintiff and Putative Plaintiffs are all former or current employees of the Defendants who were employed at the First Break Café at any time during the period of October 26, 2012 through October 26, 2015 ("Collective Action Period").

6. Pursuant to the preceding, this Court has personal jurisdiction of the Defendants, has subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## Collective Action

7. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants ("Putative Plaintiffs") -- individuals who at any time during the Collective Action Period: (1) were employed by Defendants at the First Break Café in Sterling, Virginia; (2) performed work functions such as tending bar, cleaning, serving, bussing, stocking and other non-exempt duties relating to the operation of a bar, restaurant and billiard parlor; (3) were paid a fixed monthly salary instead of at an hourly rate; (4) worked more than 40 hours in at least one work week; and (5) were not paid at least the minimum wage and/or pay for overtime at the required rate.

8. The Plaintiff and the Putative Plaintiffs are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because (1) they have all worked for Defendants at the First Break Café in

Sterling, Virginia; (2) they have all performed work functions such as tending bar, food preparation, cleaning, serving, bussing, stocking and other non-exempt duties relating to the operation of a bar, restaurant and billiard parlor; (3) they were all paid a fixed monthly salary instead of an hourly rate; (4) they are all non-exempt under the FLSA; (5) they have all been subject to the same rules and procedures; (6) they have all been paid pursuant to the same timekeeping and payroll practices; and (7) they have all not been paid at least the minimum wage and/or overtime pay for those hours worked in excess of 40 in one work week. Resolution of this action requires inquiry into many common facts, including First Break's common compensation, employee classification, timekeeping, and payroll practices.

9. Plaintiff has given his written consent to become party plaintiff in this collective action under the FLSA and such consent is attached hereto as Exhibit 1.

**Equitable Tolling**

10. Since at least June 1, 2010, the Defendants failed to post in the workplace at First Break Café the notice of employee rights under the FLSA that is required pursuant to 29 C.F.R. § 516.4

11. Plaintiff had no knowledge concerning his rights under the FLSA, the avenues available to inquire about claims under the FLSA, or the right to be free of retaliation for pursuing claims for violations of the FLSA before May 2015, when he first met with an attorney after being terminated from his job.

12. Pursuant to the allegations in Paragraphs 10 and 11, Plaintiff is invoking the doctrine of equitable tolling and, accordingly, is placing the Defendants on notice that he is pursuing his claims for minimum wage and unpaid overtime for the entire period of his employment.

**General Allegations**

13. Plaintiff worked at First Break from approximately June 1, 2010 to May 15, 2015 ("Tenure of Employment").

14. Plaintiff's pay agreement with Defendants during his Tenure of Employment was for $2,100 per month. This monthly salary was meant to encompass all hours worked by Plaintiff in the month, according to a fixed weekly schedule. This compensation was paid once per month, partially in cash and partially by check. Plaintiff was issued a paystub for the check portion of his payment, but was given no record relating to the cash portion of the payment.

15. Throughout his Tenure of Employment, Plaintiff performed non-exempt work including such tasks as preparing food, cooking, cleaning, washing dishes, bussing, tending bar, serving and other non-exempt tasks relating to the operation of a bar, restaurant and billiard parlor.

16. Throughout the period beginning from their respective dates of hire until their respective dates of termination ("Tenures of Employment"), the Putative Plaintiffs worked as non-exempt employees. Each performed non-exempt work including such tasks as preparing food, cooking, cleaning, washing dishes, bussing, tending bar, serving and other non-exempt tasks relating to the operation of a bar, restaurant and billiard parlor.

17. Throughout his Tenure of Employment, Plaintiff regularly worked the following schedule:

| Time Period | Schedule | Weekly Hours | Schedule Notes |
|---|---|---|---|
| 06/21/2014 to 05/15/2015 | <u>Mon, Tues, Fri</u><br>11:00 a.m. to 7:00 p.m.; and<br>7:00 p.m. to 3:00 a.m.<br><u>Thurs, Sat</u><br>11:00 a.m. to 7:00 p.m. | 64 | 3 days/wk. – double shifts of 8-hrs each;<br>2 days/wk. – single 8-hr. shift |
| 06/01/2012 to 06/20/2014 | <u>Mon, Tues, Fri, Sat</u><br>11:00 a.m. to 7:00 p.m.; and<br>7:00 p.m. to 3:00 a.m.<br><u>Thurs</u><br>11:00 a.m. to 7:00 p.m. | 72 | 4 days/wk. – double shifts of 8-hrs each;<br>1 day/wk. – single 8-hr. shift |
| 06/01/2010 to 05/31/2012 | <u>Mon, Thurs, Fri, Sat, Sun</u><br>11:00 a.m. to 7:00 p.m.; and<br>7:00 p.m. to 3:00 a.m. | 80 | 5 days/wk; double shifts of 8-hrs each |

4

18. All of the hours worked by Plaintiff each week were authorized and required by the Defendants. The exact number of hours worked each week by each Plaintiff can only be determined through discovery.

19. The number of hours worked, the pay received by Plaintiff, the corresponding regular rate of pay, and the pay shortage suffered by Plaintiff during two representative weekly periods from each schedule period during Plaintiff's Tenure of Employment are set forth in the table below:

| Week Ending | Hours Worked | Pay received | Regular Rate | Correct FLSA Pay | Pay Shortage |
|---|---|---|---|---|---|
| 02/14/2015 | 64 | $484.62 | $7.57 | $575.48 | $90.86 |
| 02/07/2015 | 64 | $484.62 | $7.57 | $575.48 | $90.86 |
| 02/16/2013 | 72 | $484.62 | $6.73 | $638.00 | $153.38 |
| 02/09/2013 | 72 | $484.62 | $6.73 | $638.00 | $153.38 |
| 02/18/2012 | 80 | $484.62 | $6.06 | $725.00 | $240.38 |
| 02/11/2012 | 80 | $484.62 | $6.06 | $725.00 | $240.38 |

20. Based upon information and belief, throughout their Tenures of Employment, the Putative Plaintiffs worked more than 40 hours in one or more work weeks, all of which were authorized and required by the Defendants. The exact number of hours worked each week by the Putative Plaintiffs can only be determined through discovery.

21. Throughout Plaintiff's Tenure of Employment, the federal minimum wage was $7.25/hr.

22. From the beginning of his employment on June 1, 2010 until approximately June 20, 2014, Plaintiff was paid at an hourly wage that is less than the federal minimum wage.

23. Throughout his Tenure of Employment, Plaintiff's pay did not include any overtime premium for any hours worked in excess of 40 in the work week. Accordingly, for each work week, Plaintiff is owed one-half of his regular rate of pay, or the federal minimum if higher, for each hour worked in excess of 40 for which he was not compensated.

24. Based upon information and belief, throughout the Collective Action Period, the Putative Plaintiffs were paid less than the federal minimum wage, and their pay did not include any overtime premium for any hours worked in excess of 40 in the work week. Accordingly, for each work week, each Putative Plaintiff is owed one-half of his/her regular rate of pay, or the federal minimum wage if higher, for each hour worked in excess of 40.

25. The Defendants' failure to pay at least the minimum wage and all overtime wages at the required overtime rate to the Plaintiff and the Putative Plaintiffs was intentional, willful, malicious and in reckless disregard of the named Plaintiff's and Putative Plaintiffs' statutory rights under the FLSA.

26. Defendants' failure to pay at least the minimum wage and all overtime wages at the required overtime rate to the Plaintiff and the Putative Plaintiffs was not as a result of a bona fide dispute.

### COUNT 1: Claim by Plaintiff for Violations of the FLSA (Minimum Wage)

27. The allegations in paragraphs 1-26 above are realleged, restated, and incorporated herein by reference.

28. The FLSA requires an employer to pay its employees at least the federal minimum wage.

29. During the Plaintiff's Tenure of Employment, the Plaintiff was not covered under any of the exemptions to the minimum wage provisions of the FLSA and the relevant regulations, and was therefore entitled to the FLSA's protections.

30. During the Plaintiff's Tenure of Employment, until approximately June 20, 2014, the Plaintiff was not paid the required minimum wage for all hours worked, in violation of 29 U.S.C. §206.

31. During the Plaintiff's Tenure of Employment, Plaintiff qualified as an "employee" and First Break qualified as an "employer" within the meaning of 29 U.S.C. §203(e) and (d) respectively.

32. During the Plaintiff's Tenure of Employment, First Break qualified as an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. §203(s)(l).

33. Throughout the Plaintiff's Tenure of Employment, Defendant Luong was an owner, agent, and/or principal of First Break who, in whole or part, designed, implemented, and/or approved the payroll practices which have resulted in the Defendants' failure to pay Plaintiff at least the minimum wage for the period from June 1, 2010 to June 20, 2014.

34. During Plaintiff's Tenure of Employment, Defendant Luong had the power to hire and fire employees, including Plaintiff. Defendant Luong also supervised and controlled Plaintiff's work schedule and conditions of employment, determined Plaintiff's rate of pay, and is the individual at First Break who was responsible for maintaining employment records of the Plaintiff.

35. Throughout the Plaintiff's Tenure of Employment, Defendant Luong qualified as an "employer" within the meaning of 29 U.S.C. §203(d) and is therefore liable individually to the Plaintiff for any damages awarded to the Plaintiff in this action.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, jointly and severally, awarding him the following relief:

A) An Order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

B) An Order allowing prompt notice, pursuant to 29 U.S.C. §206(b), of this litigation to all potential class members;

C) An injunction prohibiting Defendants from engaging in future violations of the FLSA's minimum wage provisions;

D) Damages for all unpaid minimum wages during Plaintiff's claim period;

E) Liquidated damages in an equal amount to D above;

F) Reasonable counsel fees and costs of this lawsuit to the fullest extent permitted under the law; and

G) Such further and appropriate relief as the Court may deem necessary.

### COUNT II: Claim by Plaintiff for Violations of the FLSA (Overtime)

36. The allegations in paragraphs 1-35 above are realleged, restated, and incorporated herein by reference.

37. The FLSA requires an employer to pay its employees at the overtime rate of one and one-half times the regular rate of pay for the hours worked in excess of 40 hours per work week.

38. During the Plaintiff's Tenure of Employment, the Plaintiff was not covered under any of the exemptions to the overtime provisions of the FLSA and the relevant regulations, and was therefore entitled to the FLSA's protections.

39. During the Plaintiff's Tenure of Employment, the Plaintiff was not paid the required overtime rate of pay for all hours worked in excess of 40 hours per work week, in violation of 29 U.S.C. §207.

40. Throughout the Plaintiff's Tenure of Employment, Defendant Luong was an owner, agent, and/or principal of First Break who, in whole or part, designed, implemented, and/or approved the payroll practices which have resulted in the Defendants' failure to pay Plaintiff at the required overtime rate of pay for all hours worked in excess of 40 hours per work week.

8

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, jointly and severally, awarding him the following relief:

- A) An Order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

- B) An Order allowing prompt notice, pursuant to 29 U.S.C. §206(b), of this litigation to all potential class members;

- C) An injunction prohibiting Defendants from engaging in future violations of the FLSA's overtime provisions;

- D) Damages for all unpaid overtime during Plaintiff's claim period;

- E) Liquidated damages in an equal amount to D above;

- F) Reasonable counsel fees and costs of this lawsuit to the fullest extent permitted under the law; and

- G) Such further and appropriate relief as the Court may deem necessary.

## COUNT III: Claim by Putative Plaintiffs for Violations of the FLSA (Minimum Wage)

41. The allegations in paragraphs 1-40 above are realleged, restated, and incorporated herein by reference.

42. During each of their Tenures of Employment, the Putative Plaintiffs were not covered under any of the exemptions to the minimum wage provisions of the FLSA and the relevant regulations, and were therefore entitled to the FLSA's protections.

43. During each of their Tenures of Employment, the Putative Plaintiffs were not paid the required minimum wage pay for the hours they worked, in violation of 29 U.S.C. § 206.

44. During each of their Tenures of Employment, each of the Putative Plaintiffs qualified as an "employee" and First Break qualified as an "employer" within the meaning of 29 U.S.C. §203(e) and (d) respectively.

45. During the Tenure of Employment of each of the Putative Plaintiffs, First Break qualified as an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

46. Throughout the Putative Plaintiffs' Tenures of Employment, Defendant Luong was an owner, agent, and/or principal of First Break who, in whole or part, designed, implemented, and/or approved the payroll practices which have resulted in the Defendants' failure to pay the Putative Plaintiffs at the required minimum wage for all hours worked.

47. During Plaintiff's Tenure of Employment, Defendant Luong had the power to hire and fire employees, including the Putative Plaintiffs. Defendant Luong also supervised and controlled the Putative Plaintiffs' work schedules and conditions of employment, determined their rates of pay, and is the individual at First Break who was responsible for maintaining employment records of the Putative Plaintiffs.

48. Throughout the Putative Plaintiffs' Tenures of Employment, Defendant Luong qualified as an "employer" within the meaning of 29 U.S.C. §203(d) and is therefore liable individually to the Putative Plaintiffs for any damages awarded to the Putative Plaintiffs in this action.

**WHEREFORE**, the Putative Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, jointly and severally, awarding them the following relief:

    A. An injunction prohibiting Defendants from engaging in future violations of the FLSA's minimum wage provisions;

    B. Damages for all unpaid minimum wage during their Tenures of Employment;

    C. Liquidated damages in an equal amount to B above;

    D. Reasonable counsel fees and costs of this lawsuit to the fullest extent permitted under the law; and

E. Such further and appropriate relief as the Court may deem necessary.

**COUNT IV: Claim by Putative Plaintiffs for Violations of the FLSA (Overtime)**

49. The allegations in paragraphs 1-48 above are realleged, restated, and incorporated herein by reference.

50. During each of their Tenures of Employment, the Putative Plaintiffs were not covered under any of the exemptions to the overtime provisions of the FLSA and the relevant regulations, and were therefore entitled to the FLSA's protections.

51. During each of their Tenures of Employment, the Putative Plaintiffs were not paid the required overtime rate of pay for those hours worked in excess of 40 hours per work week, in violation of 29 U.S.C. § 207.

52. Throughout the Putative Plaintiffs' Tenures of Employment, Defendant Luong was an owner, agent, and/or principal of First Break who, in whole or part, designed, implemented, and/or approved the payroll practices which have resulted in the Defendants' failure to pay the Putative Plaintiffs at the required overtime rate of pay for hours worked in excess of 40 hours per work week.

**WHEREFORE**, the Putative Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, jointly and severally, awarding them the following relief:

A. An injunction prohibiting Defendants from engaging in future violations of the FLSA's overtime provisions;

B. Damages for all unpaid overtime during their Tenures of Employment;

C. Liquidated damages in an equal amount to B above;

D. Reasonable counsel fees and costs of this lawsuit to the fullest extent permitted under the law; and

  E. Such further and appropriate relief as the Court may deem necessary.

Dated: <u>October 26, 2015</u>　　　　　　　　　Respectfully submitted,

By: <u>/s/ Mitchell I. Batt</u>
Mitchell I. Batt, Esq., Va. Bar No. 37574
Sullivan, Talbott & Batt
77 S. Washington St., Suite 304
Rockville, Maryland 20850
Tel.: (301) 340-2450 ext. 13
Fax: (301) 424-8280
E-mail: mbatt@verizon.net

Counsel for Plaintiff

12

# CONSENT TO BECOME A PARTY PLAINTIFF

Printed name: _____Rigoberto Villanueva_____

1. I consent and agree to pursue my claims of unpaid overtime through the lawsuit filed against my employer, Runout, Inc. d/b/a First Break Café.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act ("FLSA"). I hereby consent, agree and opt-in to become a party Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I agree to serve as the representative Plaintiff if the Court approves. If someone else serves as the representative Plaintiff(s), then I designate the representative Plaintiff(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4. In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

_____[signature]_____          05-20-15
Signature                      Date


**Return this form to:**        Mitchell Batt, Esq.
                                Sullivan, Talbott & Batt
                                Suite 304
                                77 S. Washington Street
                                Rockville, MD 20850