IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

RIGOBERTO G. VILLANUEVA, *et al.*,

    Plaintiffs,

v.

RUNOUT, INC., et al.

    Defendants.

Civil Case No: 1:15-CV-1395

## JOINT MOTION TO APPROVE SETTLEMENT
## OF PLAINTIFF'S CLAIMS

COME NOW Plaintiff Rigoberto G. Villanueva ("Plaintiff") and Defendants, Runout, Inc., and Anthony P. Luong (collectively referred to as "Defendants"), through undersigned counsel, and respectfully request that this Honorable Court approve a settlement of Plaintiff's claim. Plaintiff and Defendants file this Motion, to which the proposed Settlement Agreement is attached as Exhibit 1, and pray that the Court approve this settlement. In support thereof, Plaintiff and Defendants state as follows:

    1.    This case concerns Plaintiff's claims of unpaid wages in violation of the federal Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA").

    2.    Any settlement of an FLSA claim must be supervised and approved by the U.S. Department of Labor or a Court. *See Lynn's Food Stores v. U S.,* 679 F.2d 1350, 1353 (11th Cir. 1982); see also *Taylor v. Progress Energy, Inc.,* 493 F.3d 454, 460 (4th Cir.2007)(citing *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, 114–16, 66 S.Ct. 925, 90 L.Ed. 1114(1946)).

3. A Court must review a proposed settlement to determine whether it is proper under the FLSA.

4. "When considering a motion to approve an FLSA settlement agreement, courts weigh a number of factors, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits[;] and [(6)] the amount of the settlement in relation to the potential recovery. *Patel v. Barot*, 15 F. Supp. 3d 648, 655–56 (E.D. Va. 2014) citing *In re Dollar General Stores FLSA Litigation,* No. 5:09–MD–1500, 2011 WL 3841652, at *2 (E.D.N.C. Aug. 23, 2011); *see also Lomascolo v. Parsons Brinckerhoff, Inc.,* No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D.Va. Sep. 28, 2009). Evaluating each of the elements put forth in *Patel*, the Court should approve the settlement of this matter.

                *I.*     *The Extent Of Discovery That Has Taken Place*

5. The Defendants have engaged in substantive discovery, including serving written interrogatories and requests for production of documents, both of which Plaintiff answered. Plaintiff conducted informal discovery, and has been able to determine what he believes is a fair and accurate assessment of his damage claim. The Parties also engaged in settlement negotiations in which the Plaintiff has provided an explanation for his claim for damages. Through both the Plaintiff's independent investigation, the discovery conducted by the Defendant and the settlement negotiations, the Parties advise the Court that they have had the

opportunity to analyze their respective claims and defenses in reaching this settlement.

### II. *The Stage Of The Proceedings, Including The Complexity, Expense And Likely Duration Of The Litigation*

6. The close of discovery in this matter is set for the first week in September. A trial date has already been set for October 19, 2016. The case, while not complex, will still require both parties to incur substantial expense to prosecute and defend. Depositions of the Parties were scheduled for August 23, 2016. However, the Parties reached an agreement in principle on August 22, 2016, and those depositions were canceled, so that the Parties could preserve for settlement the resources that would have been expended for the depositions. If this settlement agreement is not approved both parties will have to conduct depositions prior to the close of the discovery phase of this litigation and then spend resources preparing for the upcoming trial.

### III. *The Absence Of Fraud Or Collusion In The Settlement.*

7. At all times throughout the settlement negotiation process, Plaintiff and Defendants were represented by counsel. The settlement amount represents a compromise of claims reached through arms' length negotiations between the Parties.

### IV. *The Experience Of Counsel Who Have Represented The Plaintiff*

8. Counsel for Plaintiff has more than eighteen (18) years of experience and has prosecuted numerous FLSA claims.

### V.  The Probability Of Plaintiffs' Success On The Merits

9. While Plaintiff is confident in his case, Defendants have denied all of the allegations and claims set forth in the Complaint and maintain that Plaintiff was properly paid all wages owed to him under federal wage and hour statutes. Defendants further plead Affirmative Defenses which they claim would bar, in whole or in part, any recovery by Plaintiff.

10. The Parties agree that both legal and factual *bona fide* disputes exist with regard to Plaintiff's claims for unpaid wages and unpaid overtime wages.

### VI.  The Amount Of The Settlement In Relation To The Potential Recovery

11. If Plaintiff is owed wages, Plaintiff's highest calculation of the wages owed for the two years prior to filing the Compliant is approximately $4,239.03; if the Court deems the violation willful, the total alleged unpaid wages for the three-year period prior to filing rises to $9,043.33. Defendant's calculation of the wages owed to Plaintiff, if any, is at most $4,239.03.

12. The Settlement Agreement calls for Defendants to pay Plaintiff the sum of $15,000 within thirty (30) days. Out of the settlement proceeds, the Plaintiff will receive $8,600, which Defendants calculate to be slightly more than 200% of the highest calculation of unpaid wages owed to him.

13. The Settlement Agreement calls for Defendants to pay $6,400 toward the attorneys' fees and costs incurred in litigating Plaintiff's claim. The costs, including the filing fee and service of process, total $550. Accordingly, the amount of fees that would be awarded to Plaintiff's counsel is $5,850. Plaintiff's counsel spent over 20 hours on this case. At his hourly rate of $425/hr., this amounts to

$8,500 in fees to date. Thus, the amount of fees payable to Plaintiff's counsel represents a 31% reduction in the fees that have been incurred to date. Defendants agree that the amount of Plaintiff's counsel fees is fair and appropriate.

14. After consideration of the representations made by the Parties, the Parties respectfully submit that the Court should approve the settlement of this matter.

WHEREFORE Plaintiff and Defendants pray this Honorable Court approve the Settlement Agreement attached hereto as Exhibit 1.

Respectfully submitted:

| FOR PLAINTIFF: | FOR DEFENDANTS: |
|---|---|
| /s/ Mitchell Batt | /s/James T. Bacon |
| Mitchell Batt (VA Bar No. 37574) | James T. Bacon, Esq. (Bar No. #416209) |
| Sullivan, Talbott & Batt | ALLRED, BACON, |
| Suite 304 | HALFHILL & YOUNG, P.C. |
| 77 S. Washington Street | 11350 Random Hills Road, Suite 700 |
| Rockville, MD 20850 | Fairfax, Virginia 22030 |
| 301-340-2450 x13 | (703) 352-1300 |
| mbatt@verizon.net | Fax: (703) 352-1301 |
| | jbacon@abhylaw.com |
| Roberto N. Allen, Esq. (*pro hac vice*) | |
| The Law Offices of Roberto Allen LLC | *Counsel for Defendants* |
| 3915 National Drive | |
| Suite 320 | |
| Burtonsville, MD 20866 | |
| | |
| *Counsel for Rigoberto Villanueva* | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was electronically filed with the Clerk's Office served using this court's CM/ECF system which will then serve a notice of electronic filing (NEF) on the judge and defendants' counsel.

/s/ Mitchell Batt
James T. Bacon