# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is made this 29th day of August 2016 between the Plaintiff Rigoberto G. Villanueva ("Plaintiff") and the Defendants, Runout, Inc and Anthony P. Luong, (collectively "Defendants").

**WHEREAS,** Plaintiff has filed suit in the United States District Court for the Eastern District of Virginia, Case No. 15-cv-1395, against Defendants for alleged violations of the Fair Labor Standards Act, arising from Defendants' alleged failure to pay Plaintiff wages due for work Plaintiff performed while in Defendants' employ; and

**WHEREAS,** Defendants have denied any and all liability for all claims Plaintiff has alleged or threatened to allege; and

**WHEREAS,** the parties hereto desire to settle all claims in order to avoid the costs and distraction of litigation;

**NOW, THEREFORE,** in exchange for good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

## COVENANTS

1. **Settlement Amount.**

    (a) In consideration for Plaintiff's execution of this Agreement and filing of a Joint Motion to Approve Settlement in the United States District Court for the Eastern District of Virginia, and performance in accordance with its terms, Defendants agree to pay the total sum of Fifteen Thousand Dollars ($15,000.00) (hereafter referred to as the "Settlement Amount"), in full settlement of all damages, attorneys' fees, costs and interest sought by Plaintiff. The Settlement Amount shall be divided as follows: to Plaintiff, Eight Thousand and Six Hundred Dollars

1

($8,600.00); to his attorneys, Roberto N. Allen, Esq., The Law Offices of Roberto Allen LLC, the sum of Six Thousand and Four Hundred Dollars ($6,400.00).

The Settlement Amount shall be paid on or before September 30, 2016. All funds shall be made payable to the order of Roberto N. Allen, Esq., The Law Offices of Roberto Allen LLC and delivered 3915 National Drive, Suite 320, Burtonsville, MD 20866. All settlement payments shall be by certified funds, that is, certified check, cashier's check, or electronic funds transfer.

2. **Court Approval of Settlement**. Within five (5) business days of execution of this Agreement, Plaintiff will seek the Court's approval of the terms of this Agreement, by filing a Joint Motion for Approval of Settlement ("Approval Motion").

If the Court does not enter an Approval Order, or decides to do so only with material modifications to the terms of this Agreement, then this Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves the modified Agreement. Notwithstanding the foregoing, if the Court approves the gross amount of the Settlement Amount but determines there should be a reallocation of the Settlement Amount, and/or a reduction of the amount paid to Plaintiff's Counsel, the Agreement as so modified and approved by the Court shall remain fully binding on the Parties.

3. **No Admission of Liability.** The parties have entered into this Agreement in order to avoid the substantial costs, risks, uncertainties and inconvenience of litigation and trial. It is further understood that Defendants deny acting wrongfully or unlawfully towards Plaintiff, and maintain that execution of this Agreement does not constitute an admission by Defendants of a violation of any common law principle, any law, statute, rule, regulation or ordinance of the

United States, or any contractual obligation, or that Defendants have breached any policies or practices, or that Plaintiff's claims or allegations are meritorious.

4. **Confidentiality and Non-Disparagement**. The Parties agree not to disclose the monetary terms of this Agreement, except as required by law or in response to governmental or regulatory inquiry or for purposes of securing professional accounting or legal services.

Notwithstanding the foregoing Paragraph, the Parties acknowledge that Plaintiff may disclose the monetary terms to: (a) his attorneys within the scope of representation by such attorneys; (b) his accountants, financial advisors, and tax advisors in order to obtain professional advice within the scope of representation by such accountant, financial advisor, or tax advisor; (c) immediate family members; and (d) any person, entity or agency to whom he is required by process of law to reveal such information. Should Plaintiff reveal such information pursuant to this Paragraph, Plaintiff shall direct such individuals that the information that has been disclosed must remain confidential.

Nothing in the preceding Paragraph above is intended to preclude any Party from disclosing the terms of this Agreement as necessary to enforce its terms or in connection with a claim for breach of this Agreement, or if ordered to do so by a court.

The Parties hereby stipulate and covenant not to sue any individuals released by this Agreement with respect to any of the claims released as part of this Agreement and that they shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such claim against any individuals released by this Agreement.

The Parties represent and agree that they shall not make any oral or written statements that are negative or disparaging concerning the character or reputation of any other Party.

5. **Releases.**

    A.    In consideration of the promises and agreements set forth herein, Plaintiff releases Defendants, their personal representatives, employees, owners, agents, servants, directors, members, officers, successors, and assigns, from any and all manner of actions, causes of action, claims, counterclaims, suits, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, executions and demands whatsoever, at law, in equity, or otherwise, which Plaintiff has against the Defendants, whether or not now known, suspected, foreseen or unforeseen or claimed, for, upon, or by reason of any matter, cause or thing, whatsoever from the beginning of the world to the date of this Agreement, including, without limitation, any claim not known or suspected to exist which, if known, could materially affect this Agreement.

    B.    In consideration of the promises and agreements set forth herein, Defendants release Plaintiff from any and all manner of actions, causes of action, claims, counterclaims, suits, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, executions and demands whatsoever, at law, in equity, or otherwise, which Defendants have against Plaintiff, whether or not now known, suspected, foreseen or unforeseen or claimed, for, upon, or by reason of any matter, cause or thing, whatsoever from the beginning of the world to the date of this Agreement, including, without limitation, any claim not known or suspected to exist which, if known, could materially affect this Agreement.

6.    **Tax Treatment of Payments**. Four Thousand and Three Hundred Dollars ($4,300.00) of the Settlement Amount under this Agreement shall be reported by the Defendants as wages to the appropriate taxing authorities on a Form W-2 issued to the Plaintiff with his

taxpayer identification number, and shall be subject to adjustments and deductions for applicable taxes and withholdings as required by federal, state, and local law. Four Thousand and Three Hundred Dollars ($4,300.00) of the Settlement Amount under this Agreement shall be considered liquidated damages and shall be reported by the Defendants as miscellaneous income to the appropriate taxing authorities on a Form 1099 issued to the Plaintiff with his taxpayer identification number, and shall not be subject to any adjustments or deductions, but rather shall be paid as a gross amount.

7. **Entire Agreement.** The parties hereto agree that this Agreement constitutes the entire Agreement between Defendants, on the one hand, and Plaintiff on the other hand; and that there exist no other agreements, oral or written, between or among them relating to any matters covered by this Agreement. It is further agreed that this Agreement supersedes any and all prior or contemporaneous agreements, written or verbal, or any other understandings that may have existed or exist between the parties, and related to the same subject matter described herein.

8. **Governing Law.** This Agreement and all terms thereof shall be construed and governed according to the laws of the Commonwealth of Virginia.

9. **Waiver of Term, Provision or Condition.** The waiver by any party of a breach of any provision of this Agreement by any other party shall not operate or be construed as a waiver of any subsequent breach of that or any other provision by said party.

10. **Modifications.** This Agreement may not be altered, amended, modified, or terminated except by an instrument in writing, executed by the parties hereto or their authorized representatives.

11. **Severability.** The parties agree that if any provision in this Agreement is held to be invalid, illegal or unenforceable, either legislatively or judicially, such provision will be severed

here from, and the remainder of this Agreement will continue to be valid and enforceable unless such determination of invalidity shall deprive either party of the substantial benefit of its bargain.

12. **Enforcement.** If any party alleges the other party has breached this agreement and seeks to enforce the terms of this Agreement in a court of law, the prevailing party shall be allowed its reasonable attorney's fees and costs.

13. **Counterparts.** This Agreement may be executed by the parties in separate counterparts, each of which shall be deemed to constitute an original.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

IN WITNESS WHEREOF, the parties hereto set their hands and seals.

**Rigoberto G. Villanueva**

_____

Date: _____

**Runout, Inc.**

By: _*Phoalung*_____

Date: _8/29/16_____

**Anthony P. Luong**

_Phoalung_

Date: _8/29/16_____

here from, and the remainder of this Agreement will continue to be valid and enforceable unless such determination of invalidity shall deprive either party of the substantial benefit of its bargain.

12. **Enforcement.** If any party alleges the other party has breached this agreement and seeks to enforce the terms of this Agreement in a court of law, the prevailing party shall be allowed its reasonable attorney's fees and costs.

13. **Counterparts.** This Agreement may be executed by the parties in separate counterparts, each of which shall be deemed to constitute an original.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

IN WITNESS WHEREOF, the parties hereto set their hands and seals.

Rigoberto G. Villanueva

_/s/ VG_____

Date: 8-25-16

**Runout, Inc.**

By: _____

Date: _____

6